IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

FILED _____ ENTERED
LODGED _____ RECEIVED

MAY 3 0 2000

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
DEPUTY

| | | |
|---|---|---|
| YONG M. ARVIN, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. AW-00-253 |
| | : | |
| | : | |
| SOUTHLAND CORP. OF TEXAS, | : | |
| d/b/a 7-ELEVEN, | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

On May 11, 2000, Defendant Southland Corporation filed a Motion for Judgment on the Pleadings or, In the Alternative, for Summary Judgment [7-1]. Plaintiff is represented by counsel. No opposition was filed. No hearing is deemed necessary. See Local Rule 105.6. For the reasons that follow, the Court will grant Defendant's Motion as to Plaintiff's claim for discrimination based on national origin.

## ANALYSIS

On January 28, 2000 Plaintiff filed a Complaint alleging Title VII claims for discrimination based on gender and national origin. Plaintiff is a female and her national origin is from the country of Laos. On May 11, 2000 Defendant Southland Corporation filed a Motion for Judgment on the Pleadings or, In the Alternative, for Summary Judgment [7-1]. However, Defendant's motion only addresses whether Plaintiff exhausted her administrative remedies for her claim of discrimination based on her national origin. The motion does not address Plaintiff's claim for gender discrimination.

1

Defendant Southland Corporation's Motion was captioned as a "Motion for Judgment on the Pleadings or, In the Alternative, for Summary Judgment," and included attachments to it. In cases such as this, the Fourth Circuit has held that the non-movant is put on notice that the Court may treat the motion as one for summary judgment. Laughlin v. Metropolitan Washington Airports Authority, 149 F.3d 253, 261 (4ᵗʰ Cir. 1998). Because the Court has considered these submissions, the Court will treat it as a motion for summary judgment. Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment will be granted when no genuine dispute of material fact exists and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

Defendant argues that Plaintiff has failed to exhaust her administrative remedies in regard to her claim for discrimination based on national origin. An individual asserting claims for employment discrimination must first exhaust her remedies by the filing of a Charge form with the EEOC. See 42 U.S.C. § 20003(5)(f)(1). The Fourth Circuit and this Court has held that the filing of the basis for discrimination on the Charge form is a prerequisite to a federal court's jurisdiction over the claim. See Davis v. North Carolina Dep't of Corrections, 48 F.3d 134 (4ᵗʰ Cir. 1995); Dachman v. Shalala, 46 F. Supp.2d 419 (D. Md. 1999). The Court has carefully reviewed Plaintiff's EEOC administrative charge form. In regard to the basis for her claim of discrimination, Plaintiff wrote as follows:

> I believe I have been discharged because of my gender, female, in violation of
> Title VII of the Civil Rights Act of 1964, as amended.

2

In fact, Plaintiff did not even check the box for "National Origin" on her EEOC Charge form. Furthermore, Defendant has submitted uncontroverted affidavits stating that the EEOC never investigated with them any claim for discrimination based on Plaintiff's national origin. In short, there is no indication Plaintiff ever submitted a complaint for national origin discrimination to the EEOC.

Under these circumstances, it is clear that the Plaintiff failed to exhaust her administrative remedies in regard to her claims for discrimination based on national origin. See Evans v. Technologies Applications Servs. Co., 80 F.3d 954 (4th Cir. 1996); Leskinen v. Utz Quality Foods, Inc., 30 F. Supp.2d 530, 533 (D. Md. 1998); Riley v. Technical and Management Servs. Corp., Inc., 872 F. Supp. 1454, 1459 (D. Md. 1995) (Williams, J.). Nor can Plaintiff's gender discrimination claim be reasonably said to relate to her national origin discrimination claim. Evans, 80 F.3d at 963. Because Plaintiff has failed to exhaust her remedies on this claim, Plaintiff cannot sustain the claim in this Court. Thus, the Court will grant Defendant's Motion on her claim for discrimination based on national origin.

## CONCLUSION

For the reasons stated above, the Court will grant Defendant Southland Corporation's Motion on Plaintiff's claim for discrimination based on national origin. The Court will issue an Order consistent with this Memorandum Opinion.

5-30-00
Date

Alexander Williams, Jr.
United States District Court Judge